IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Dwight Xavier Jones, #969277, ) | |
| ) | C.A. No. 0:09-269-HMH-PJG |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Correctional Care Solutions; Dennis A. ) | |
| Tracy; Sgt. Klausen, Lexington County ) | |
| Detention Center; NFN Mickens, ) | |
| Lexington County Detention Center; and ) | |
| James R. Metts, Lexington County ) | |
| Sheriff's Department, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Dwight Xavier Jones ("Jones"), a pretrial detainee proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Jones claims violations of his First, Eighth, and Fourteenth Amendment rights. In her Report and Recommendation, Magistrate Judge Gossett recommends granting the Defendants' motions for summary judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

Jones filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Jones' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean three specific objections. Jones objects to the magistrate judge's conclusion that Defendants Dennis A. Tracy, Sgt. Klausen, James R. Metts, and NFN Mickens (collectively the "Detention Center Defendants") did not violate his First Amendment rights with respect to his request for Ramadan trays and were not deliberately indifferent to his serious medical needs. (Objections, generally.) In addition, Jones objects to the magistrate judge's conclusion that Defendant Correctional Care Solutions ("Correctional Care") was not deliberately indifferent to his serious medical needs in failing to have him evaluated by an ear, nose, and throat ("ENT") doctor. (Id., generally.)

Jones argues that he was denied his First Amendment right to exercise his religion "in an unimpeded manner." (Id. 4.) Jones argues that he was denied a full lunch food tray during Ramadan twice. (Id. 3.) Inmates observing Ramadan do not receive a lunch tray. (Defs. Mem. Supp. Summ. J. Exs. (Ronald O'Neill ("Captain O'Neill") Aff. ¶ 8).) However, inmates are provided additional snacks along with the evening meal during Ramadan. (Id. Exs. (Captain

O'Neill Aff. ¶¶ 8-9).) However, Jones submits that "the 'snacks' alone fall way short of a 'sufficient caloric intake, without the full tray.'" (Objections 4.) Thus, Jones argues that he should have been given an additional full tray during the evening. Jones' objection is without merit. Jones was able to participate in Ramadan fasting and accommodations were made to allow additional snacks in the evening to ensure that Jones received sufficient calories during Ramadan. Captain O'Neill states in his affidavit that "[i]n order to make sure inmates on the Ramadan fasting list are getting enough calories, those inmates are provided with a snack bag in addition to their evening meal. This dietary plan has been developed and reviewed by a licensed dietician." (Defs. Mem. Supp. Summ. J. Exs. (O'Neill Aff. ¶ 9).) Further, the denial of two food trays did not substantially interfere with Jones' ability to exercise his faith. Boles v. Neet, 486 F.3d 1177, 1182 (10th Cir. 2007) (explaining that the first requirement in a § 1983 First Amendment free-exercise claim is for the plaintiff to show that the prison's action "substantially burdened his sincerely-held religious beliefs"). Based on the foregoing, this objection is without merit.

In addition, Jones argues that the Detention Center Defendants were indifferent to his serious medical needs by failing to attend to his medical needs when he suffered a broken nose. (Objections 6-7.) Jones submits that

> MCO Mickens and Sgt. Clawson were both on the scene after Plaintiff's nose was broken in a fight. Nurse Darlene Drayton simply reported that there was a "dent" in Plaintiff's nose and nothing more. Sgt. Clawson then disregarded, and/or ignored, Plaintiff's complaints of the excruciating pain he was having and took him straight to "lock up."

(Id. 6.) "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to

3

any serious medical needs of the detainee." Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990).

"In order to establish a claim of deliberate indifference to medical need, the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "Deliberate indifference is a very high standard–a showing of mere negligence will not meet it." Id.

Jones' objection is without merit.

> Section 1983 liability on the part of the supervisory defendants requires a showing that: (1) the supervisory defendants failed promptly to provide an inmate with needed medical care . . . ; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance . . . ; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations.

Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990) (internal citations omitted). Jones has failed to come forward with any evidence that the Detention Center Defendants, who are not medical professionals, deliberately denied or interfered with Jones' medical treatment, or tacitly authorized any misconduct. (Defs. Mem. Supp. Summ. J. Exs. (O'Neill Aff. ¶ 22).) Jones believes he should have received additional treatment. However, "[t]he mere failure to treat all medical problems to a prisoner's satisfaction, even if that failure amounts to medical malpractice, is insufficient to support a claim under § 1983." Peterson v. Davis, 551 F. Supp. 137, 146 (D. Md. 1982).

Finally, Jones argues that Correctional Care, the medical care provider at Lexington County Detention Center, was indifferent to his serious medical needs because "he was suppose[d] to see an ENT doctor." (Objections 10.) Jones was treated on several occasions for sinus pain and congestion. However, there is no evidence in the record that Jones was supposed

to see an ENT doctor or that Correctional Care was deliberately indifferent to his serious medical needs in failing to send Jones to an ENT doctor. As discussed fully by the magistrate judge, Jones "received a substantial amount of medical care relating to his nose and sinus complaints" while at the Lexington County Detention Center. (Report and Recommendation 8.) As noted above, the failure to treat a medical problem to Jones' satisfaction "is insufficient to support a claim under § 1983." Peterson, 551 F. Supp. at 146; see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Therefore, this objection is without merit.

Based on the foregoing, after a thorough review of Magistrate Judge Gossett's Report and the record in this case, the court adopts the Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendants' motions for summary judgment, docket numbers 75 and 79, are granted.

**IT IS SO ORDERED**.

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
July 23, 2010

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.